## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **RICHARD WADE KENDRICK,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:22CV00454 |
| v. | ) | |
| | ) | **OPINION** |
| **HAROLD W. CLARKE,** | ) | |
| | ) | JUDGE JAMES P. JONES |
| Respondent. | ) | |

*Richard Wade Kendrick, Pro Se Petitioner; Mason D. Williams, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.*

Petitioner Richard Wade Kendrick, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his conviction for misdemeanor destruction of property and felony wearing a mask in public. Respondent has filed a Motion to Dismiss, to which Kendrick has responded. For the reasons stated below, I find that Kendrick's petition is untimely, and I will grant the Motion to Dismiss.

I.

The factual background of the case is set forth more fully in my Opinion in the related case of *Kendrick v. Edmonds*, No. 7:21CV00505 (W.D. Va. Sept. 28, 2023).

Kendrick was indicted by a grand jury of the Circuit Court of Albemarle Count, Virginia, of eight counts stemming from several incidents of vandalism and stalking. Kendrick moved to sever the charges, which motion was granted, and the charges were resolved by way of a guilty plea and two separate jury trials. The convictions attacked in this case are those prosecuted in the second jury trial. The criminal conduct at issue in this petition occurred on November 15, 2016, and was tried before a jury on June 25, 2018. The jury convicted Kendrick of both charges and recommended a sentence of five years' incarceration for wearing a mask and one year incarceration for destruction of property, plus a $2,500 fine. Following consideration of the presentence report and a sentencing hearing on December 4, 2018, the court imposed the sentences recommended by the jury, to run consecutively with each other and with any other sentence imposed. The court also imposed restitution of $470.83 in addition to the fine. The court entered its judgment on February 1, 2019.

Kendrick appealed the convictions to the Court of Appeals of Virginia, challenging the sufficiency of the evidence to support the convictions. The court denied his appeal in a per curiam opinion on September 9, 2019. The Supreme Court of Virginia refused his further appeal by order entered April 7, 2020. Kendrick did not petition the United States Supreme Court for further relief.

On June 13, 2019, Kendrick filed a petition for habeas corpus in the trial court, Case No. CL19-956, ostensibly challenging the convictions from the October 2017 first trial.  He raised 39 issues in his petition, many of which pertained to the June 2018 second trial, but none of them are raised in the current § 2254 petition.[1]  On June 28, 2019, just 15 days after filing the first habeas petition, Kendrick filed a second habeas petition in the same court, Case No. CL19-1043, purportedly challenging the convictions from his June 2018 second trial.  His arguments in that case included some of the same arguments in his first petition, challenging issues from both trials, but he also raised other issues, none of which are raised in the current § 2254 petition.

In a 27-page dismissal opinion issued May 6, 2021, the state court addressed all issues raised in the first state habeas petition, whether from the October 2017 convictions or the June 2018 convictions, noting that the claims were meritless.  Having addressed claims regarding the June 2018 convictions in the 27-page opinion in Case No. CL19-956, pursuant to Va. Code Ann. § 8.01-654(B)(2), the circuit court dismissed the second habeas petition, Case No. CL19-1043, on the

---

[1] Among his 39 claims, Kendrick included some ineffective assistance of counsel issues.  He alleged that counsel was deficient in failing to object to testimony about a car vandalism incident in Fluvanna in 2015, deficient in cross-examining Detective Woycik and Devon Butler, deficient in failing to subpoena Rusty Morris, and deficient in failing to argue closing in the words that Kendrick felt should have been used.  The circuit court dismissed those ineffective assistance claims, and they are not related to the claims Kendrick has raised in his present § 2254 petition.

same date, noting that many of the issues had been raised and addressed in the earlier case and that the additional issues in the second petition were known to Kendrick and could have been raised in the first one.

Kendrick attempted to appeal from both decisions, erroneously filing in the Court of Appeals of Virginia.  The merits decision, captioned CL19-956 and CL1043, was transferred to the Supreme Court of Virginia, which procedurally dismissed the appeal on May 31, 2022, because Kendrick's petition did not contain assignments of error as required by Rule 5:17(c)(1)(i).  The Court of Appeals procedurally dismissed the appeal from the successive petition filed in CL19-1043 because Kendrick failed to file a notice of appeal in the trial court as required by statute.  Kendrick appealed this dismissal to the Supreme Court of Virginia, which procedurally dismissed the appeal on July 1, 2022, again for failure to comply with Rule 5:17(c)(1)(i).

On August 5, 2022, Kendrick filed the current § 2254 petition in this court, challenging the convictions rendered in the June 25, 2018, second jury trial.  He raises the following issues:

1. That his constitutional right to indictment by a grand jury was violated because the indictment named Richard Wade Kendrick, Jr., and Kendrick states that he is not a "Jr."  Further, the trial court's amendment to the indictment, removing the "Jr.", voided the indictment.

2. That police committed fraud on the grand jury by offering perjured testimony.

3. That the prosecutor lied to the jury by saying the grand jury indicted Richard Wade Kendrick.

4. That the trial violated Kendrick's Sixth Amendment right to a speedy trial and his state right to a speedy trial under Va. Code Ann. § 19.2-243.

5. That the trial judge in this case was the victim's uncle.

## II.

The federal habeas statutes require a petitioner to file his claim timely, normally within one year from the date on which the judgment complained of "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[2]  The statute also provides for tolling of the one-year limitation while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" is

---

[2] Section 2244(d)(1) provides that the one-year runs from the latest of four events: (1) the date the judgment became final, quoted above; (2) the date on which a state-created unconstitutional impediment to filing the action is removed, if the impediment prevented the petitioner from filing earlier; (3) the date on which a new constitutional right was initially recognized by the Supreme Court, if the right has been made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered in the exercise of due diligence. Kendrick has not alleged that any of the three alternative sections apply, nor does the record indicate that any section applies other than § 2254(d)(1)(A).  Kendrick has not alleged any state-created impediment to filing his petition.  His claims rely upon constitutional principles that have long been established.  The facts on which his claims are based were known to him at or before the time of trial.

pending.  *Id.* § 2244(d)(2).  If a petition is filed untimely, three ways exist for a petitioner to avoid the harsh effect of the statute of limitations:  statutory tolling, equitable tolling, or actual innocence.

When the Supreme Court of Virginia refused Kendrick's appeal on April 22, 2020, he had 90 days in which to file a petition in the United States Supreme Court.  The 90 days expired on July 21, 2020, at which time the state judgment became final within the meaning of § 2244(d)(1)(A).  That is when the one-year federal habeas statute of limitations would have started running, absent any tolling, and would have expired on July 21, 2021.

## A.  Statutory Tolling.

The statute provides for tolling of the limitation period while a properly filed application for State post-conviction relief is pending.  Specifically, "the time during which *a properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).  The tolling statute applies differently for Kendrick's two petitions that addressed the June 2018 convictions.

### 1.   First State Petition.

Because Kendrick's first state habeas petition, filed June 13, 2019, was already pending when the June 2018 convictions became final on direct appeal, on

July 6, 2020 (90 days after April 7, 2020), the federal habeas statute of limitations was tolled while the properly filed application was pending.  On May 6, 2021, the circuit court dismissed Kendrick's habeas on the merits.  Although he attempted to appeal that decision, the Supreme Court of Virginia procedurally dismissed the appeal because his petition did not contain assignments of error, as required by Va. Sup. Ct. R. 5:17(c)(1)(i).  A petition for appeal that does not contain the appropriate assignments of errors is not "properly filed" and thus does not toll the federal habeas statute of limitations. *Escalante v. Watson*, 488 F. App'x 694, 698 (4th Cir. 2012) (unpublished).  Accordingly, Kendrick is not entitled to tolling for the time between the circuit court's dismissal of his habeas on May 6, 2021, and the procedural dismissal of his appeal on May 22, 2022. *Id.*  Taking statutory tolling into account while the habeas was properly pending, the one-year statute of limitations for federal habeas began to run on May 6, 2021, and expired on May 6, 2022.  His federal habeas petition was not filed until July 29, 2022, more than two months after the statute of limitations expired.

### 2.  Second Petition.

On June 28, 2019, Kendrick filed his second state petition, which the state habeas court dismissed as successive under Va. Code Ann. § 8.01-654(B)(2) on May 6, 2021.  However, a second or successive petition, if filed according to the procedural rules of the state, is considered properly filed. *McSheffrey v. Angelone*,

No. 98-6519, 1999 WL 89403, at *2 (4th Cir. Feb. 23, 1999) (unpublished). Kendrick's appeal of the dismissal was procedurally dismissed by the Court of Appeals of Virginia because he failed to file the notice of appeal in the circuit court. The failure to properly file the appeal means that the statute was not tolled after May 6, 2021, when dismissed by the circuit court. *Escalante*, 488 F. App'x at 697. After considering statutory tolling, the statute of limitations expired May 6, 2022, more than two months before Kendrick filed his present § 2254 petition.

## B. Equitable Tolling.

The United States Supreme Court has recognized a narrow exception for equitable tolling if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The court will not address diligence, because Kendrick has not satisfied the extraordinary circumstances requirement. Kendrick has offered no explanation for his untimely filing of this petition. It appears that the untimeliness was caused solely by Kendrick's failure to properly perfect his state habeas appeal. Ignorance of the law is not an extraordinary circumstance nor a basis for equitable tolling, even when a litigant is representing himself. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Because Kendrick has not shown the existence of extraordinary circumstances that prevented him from filing a timely petition, equitable tolling does not save his untimely petition.

*C.  Actual Innocence.*

In balancing the "societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," the Court has recognized a "miscarriage of justice exception" to the statute of limitations when a litigant presents new evidence showing that, absent constitutional error, "no reasonable juror would have convicted" the defendant. *McQuiggin v. Perkins*, 569 U.S. 383, 393–95 (2013).  When a petitioner presents new reliable evidence of innocence, "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," the habeas court must consider the new evidence along with the trial evidence to decide whether, in the absence of constitutional error, petitioner likely would not have been convicted. *Schlup v. Delo*, 513 U.S. 298, 316, 324 (1995).

Although Kendrick raised actual innocence in his petition challenging the October 2017 jury convictions, he did not raise it in the current petition.  Nor has Kendrick offered any new evidence of innocence.[3]  Evidence is new "only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001); *see also Rowe v. Clarke*, No. 7:18cv00383, 2019 WL 4235240, *5 (W.D.

---

[3]  Kendrick asserts, without evidence, that the trial judge in the June 2018 trial was the victim's uncle.  This is not evidence of innocence, even if true.  However, the jury was the factfinder in the case, not the judge, and the jury convicted Kendrick.

Va. Sept. 6, 2019) (quoting *Amrine*, 238 F.3d at 1028). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Because Kendrick has not introduced any new evidence of innocence nor argued the applicability of "actual innocence" in this petition, the miscarriage of justice exception does not save his untimely petition.

III.

For the reasons stated, I will dismiss the petition as untimely. I decline to issue a certificate of appealability because Kendrick has not made a substantial showing of the denial of a constitutional right.

A separate Final Order will be entered herewith.

DATED:  September 29, 2023

/s/ JAMES P. JONES
Senior United States District Judge